UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DARREN J.,

                              Plaintiff,

v.                                                    CASE #: 1:21-cv-00249
                                                      (JGW)
COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.
_____

APPEARANCES:                              OF COUNSEL:

Law Offices of Kenneth Hiller, PLLC       JEANNE E. MURRAY, ESQ.
  Counsel for Plaintiff                   KENNETH R. HILLER, ESQ.
6000 North Bailey Avenue
Suite 1A
Amherst, NY 14226

U.S. SOCIAL SECURITY ADMIN.               TIMOTHY A. RAZEL, ESQ.
OFFICE OF REG'L GEN. COUNSEL – REGION II
  Counsel for Defendant
26 Federal Plaza – Room 3904
New York, NY 10278

J. Gregory Wehrman, U.S. Magistrate Judge,

## MEMORANDUM-DECISION and ORDER

The parties consented in accordance with a standing order to proceed before the

undersigned. The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g).

The matter is presently before the court on the parties' cross-motions for judgment on the

pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Upon review of

the administrative record and consideration of the parties' filings, the plaintiff's motion for

judgment on the administrative record is DENIED, the defendant's motion for judgment

on the administrative record is GRANTED, and the decision of the Commissioner is AFFIRMED.

## I.   RELEVANT BACKGROUND

### A.   Factual Background

Plaintiff was born on August 18, 1966, and has less than a high school education. (Tr. 159, 173). Generally, plaintiff's alleged disability consists of thoracic arthritis, psoriasis, and chronic joint pain. (Tr. 172). His alleged disability onset date is March 8, 2019. (Tr. 178).  His date last insured is December 31, 2024.  (Tr. 17).

### B.   Procedural History

On May 13, 2019, plaintiff applied for a period of Disability Insurance Benefits (DIB) under Title II of the Social Security Act. (Tr. 159). Plaintiff's application was initially denied, after which he timely requested a hearing before an Administrative Law Judge (ALJ). On May 8, 2020, plaintiff appeared before ALJ Lori Romeo. (Tr. 28-62). On August 26, 2020, ALJ Romeo issued a written decision finding plaintiff not disabled under the Social Security Act. (Tr. 12-23). On December 22, 2020, the Appeals Council (AC) denied plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. (Tr. 1-3). Thereafter, plaintiff timely sought judicial review in this Court.

### C.   The ALJ's Decision

Generally, in her decision, the ALJ made the following five findings of fact and conclusions of law:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2024.

2. The claimant has not engaged in substantial gainful activity since March 8, 2019, the alleged onset date (20 CFR 404.1571 et seq.).

3. The claimant has the following severe impairments: psoriasis, arthritis, depressive disorder, anxiety disorder, marijuana abuse disorder (20 CFR 404.1520(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

5. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform the full range of light work as defined in 20 CFR 404.1567(b).

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565).

7. The claimant was born on August 18, 1966 and was 52 years old, which is defined as an individual closely approaching advanced age, on the alleged disability onset date (20 CFR 404.1563).

8. The claimant has a limited education (20 CFR 404.1564).

9. Transferability of job skills is not an issue in this case because the claimant's past relevant work is unskilled (20 CFR 404.1568).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569 and 404.1569(a)).

11. The claimant has not been under a disability, as defined in the Social Security Act, from March 8, 2019, through the date of this decision (20 CFR 404.1520(g)).

(Tr. 12-23)

## II.   THE PARTIES' BRIEFINGS

### A.   Plaintiff's Arguments

Plaintiff makes three arguments in support of his motion for judgment on the pleadings. First, plaintiff argues the ALJ failed to account for his severe mental impairments in the RFC and the record was devoid of any mental medical opinion evidence to inform the RFC. Second, plaintiff contends the ALJ failed to perform her affirmative duty to develop the record because an evidentiary gap was created by missing treatment records from Dr. Saldana and x-rays. Third, plaintiff asserts the ALJ rejected

all the physical medical opinion evidence of record and relied on her own lay opinion in assessing the RFC. (Dkt. No. 8 at 1 [Pl.'s Mem. of Law].)


**B.   Defendant's Arguments**

Defendant responds that plaintiff's contentions to the ALJ's decision are without merit. Specifically, defendant argues the ALJ was not required to base the RFC entirely on a medical opinion and the ALJ did not need to seek additional opinion evidence or recontact any sources because the RFC finding was supported by substantial evidence. (Dkt. No. 9 at 3 [Def.'s Mem. of Law].)


**III.   RELEVANT LEGAL STANDARD**

**A.   Standard of Review**

A court reviewing a denial of disability benefits may not determine de novo whether an individual is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

**B.     Standard to Determine Disability**

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. *See* 20 C.F.R. §§ 404.1520. The Supreme Court has recognized the validity of this sequential evaluation

process. *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987). The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).

## IV.   ANALYSIS

### A. RFC

The RFC is an assessment of the most plaintiff can still do despite his limitations. 20 C.F.R. § 404.1545(a)(1).  An ALJ must weigh all of the evidence available to make an RFC finding that is consistent with the record as a whole. *Matta v. Astrue*, 508 F. App'x. 53, 56 (2d Cir. 2013). The Second Circuit has held that, where " 'the record contains sufficient evidence from which an ALJ can assess the [claimant's] residual functional capacity' a medical source statement or formal medical opinion is not necessarily required[.]" *Monroe v. Comm'r*, 676 F. App'x. 5, 8 (2d Cir. 2017) (*quoting Tankisi v. Comm'r*, 521 F. App'x 29, 34 (2d Cir. 2013)). *See also Corbiere v. Berryhill*, 760 F. App'x 54, 56 (2d Cir. 2019) (affirming Commissioner's final decision despite lack of medical opinion expressly discussing Plaintiff's physical limitations and ALJ's reliance on treatment notes to formulate the RFC).

Under the substantial evidence standard of review, plaintiff cannot merely disagree with the ALJ's weighing of the evidence or argue that evidence in the record could support

his position. Substantial evidence "means–and means only–such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill,* 139 S. Ct. 1148, 1154, 203 L. Ed. 2d 504 (2019) (*citing Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S. Ct. 206, 83 L. Ed. 126 (1938)). Plaintiff must show that no reasonable factfinder could have reached the ALJ's conclusions based on the evidence in record. *See Brault v. Soc. Sec. Admin. Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012).

### 1. Mental RFC

First plaintiff argues the ALJ failed to account for the severe mental impairments of depressive disorder and anxiety disorder when formulating the RFC because there were no non-exertional mental limitations. (Dkt. No. 8 at 8). In a related argument, plaintiff asserts the RFC is not based on substantial evidence because there was no mental medical opinion evidence. (*Id*.). These arguments are without merit.

To be sure, the ALJ found plaintiff's mental impairments of depressive disorder and anxiety disorder severe at Step Two and Three of the sequential evaluation. (Tr. 17). When applying the "special technique" at Step Three for consideration of the mental impairments, the ALJ found that plaintiff had mild limitations in understanding, remembering, and applying information; interacting with others; and concentrating, persisting, or maintaining pace; but moderate limitations in adapting or managing oneself. (Tr. 18, 21; *see* 20 C.F.R. § 404.1520a(c)). Because she found that plaintiff had at least one moderate limitation, the ALJ found the mental impairments to be severe. (*See* Tr. 17, 18, 21; cf. 20 C.F.R. § 404.1520a(d)(1) (noting that, where degrees of limitation are at most "mild," mental impairments are to be generally found not severe).

Plaintiff does not argue the ALJ erred in her severity rating but asserts the ALJ was required to include mental limitations in the RFC. (Dkt. No. 8 at 8). However, as cited by plaintiff, a determination at Step Three is distinct from the determination of RFC at Step Four (*See Whipple v. Astrue*, 479 Fed. Appx. 367, 369 (2d Cir. 2012)). Furthermore, a determination made at Step Three does not automatically translate to an identical finding in the RFC determination because the two determinations require distinct analysis. *Richard B. v. Comm'r of Soc. Sec.*, No. 1:20-CV-00585-MJR, 2021 WL 4316908, at *6 (W.D.N.Y. Sept. 23, 2021)(*quoting Chappell v. Comm'r of Soc. Sec.*, No. 1:18-CV-01384 EAW, 2020 WL 1921222, at *6 (W.D.N.Y. Apr. 21, 2020)); *see* SSR 96-8p, 1996 WL 374184, at *4 (stating RFC assessment requires "a more detailed assessment by itemizing various functions" found in the special technique categories).

While plaintiff argues there is an inconsistency between the Step Three finding and the RFC for light work, he does not identify evidence supporting greater mental limitations. (Dkt. No. 8 at 9). Rather, plaintiff asserts that the lack of a mental medical opinion is evidence that the ALJ based the RFC on her opinion. (*Id*.). Plaintiff concedes however that the ALJ summarized the evidence of record, including the limited mental health evidence. (Dkt. No. 8 at 12).

The ALJ's rationale for not finding any limitations does not have to be gleaned because it is clearly stated. At Step Four, while discussing the moderate limitations in adaption, the ALJ clearly stated the plaintiff "does smoke marijuana[,] which shows some problems in adaption[,] but he otherwise engages in all activities of daily living . . . " (Tr. 21). ALJ Romeo continued on to explain that the "moderate limitation in adaption does not . . . cause any additional or distinct work related limitations." (Tr. 21). While plaintiff

argues meaningful review is frustrated, the Court finds the ALJ explained why the moderate limitations from use of marijuana did not cause a limitation in the ability to engage in basic work activities for purposes of the RFC.

Plaintiff's argument that a mental medical opinion was required is also unavailing. The Second Circuit has indicated that an ALJ is not required to rely on a medical opinion to formulate the RFC, even the mental RFC, as long as there is sufficient evidence to support the finding. S*ee Cook v. Comm'r of Soc. Sec.*, 818 F. App'x 108, 109 (2d Cir. 2020) (summary order) ("[A]lthough there was no medical opinion providing the specific restrictions reflected in the ALJ's RFC determination, such evidence is not required when the record contains sufficient evidence from which an ALJ can assess the claimant's [RFC].") (internal quotation marks omitted).

Here, the ALJ properly noted that "the record does not demonstrate significant psychiatric treatment or mental health counseling." (Tr. 21; *see Arnone v. Bowen*, 882 F.2d 34, 39 (2d Cir. 1989) (finding claimant's failure to seek treatment significantly undermined claim of disability). As discussed by the ALJ, the plaintiff did not report any depression or anxiety (and at times denied it) until January 2020, which was ten months after the alleged onset date. (Tr. 20-21; *See* Tr. 351 (denying depression or anxiety at July 2019 primary care provider visit), 359 (same, during November 2019 primary care provider visit); *see also* Tr. 172 (not listing mental condition as disabling impairment in disability paperwork), 201 (same), 211 (same)). The ALJ acknowledged that some mental deficits were observed during the relevant period but that mental status examinations were generally normal. (Tr. 21; *see, e.g.,* Tr. 245, 312, 352-53, 364-65). The ALJ was not

required to seek an opinion on mental limitations since the evidence of record was sufficient for her to assess the RFC.

### 2. Physical RFC

In a similar argument, plaintiff contends the physical RFC is not supported by substantial evidence because the RFC did not match a medical opinion. The Court disagrees. The Second Circuit has ruled an RFC need not exactly match a medical opinion and that it is not fatal for an ALJ to discount all the opinions of record. *See Schillo v. Kijakazi*, 31 F.4th 64, 78 (2d Cir. 2022); *see also Matta v. Astru*e, 508 F. App'x 53, 56 (2d Cir. 2013) (summary order) (noting RFC finding need not "perfectly correspond" with any medical opinion).

Plaintiff's legal memorandum repeatedly asserts that the ALJ rejected all opinion evidence and relied on her own lay judgment in determining plaintiff's limitations. (Dkt. No. 8 at 9-13). The record refutes this claim. ALJ Romeo indicated that the opinions of Drs. Schwab, Baronos, and Brauer were factors in her assessment that the plaintiff could perform light work[1]. (Tr. 22). The ALJ found Dr. Schwab's opinion that plaintiff had moderate limitations in bending, lifting, and carrying objects, somewhat persuasive. (Tr. 21 (*referring to* Tr. 302)). Notably, moderate limitations are consistent with an RFC for a full range of light work. *Gurney v. Colvin*, No. 14-CV-688S, 2016 WL 805405, at *3 (W.D.N.Y. Mar. 2, 2016) (citing cases).  Drs. Baronos and Brauer each opined plaintiff was limited to lifting up to 20 pounds occasionally and 10 pounds frequently; sitting up to

---

[1] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 404.1567(b). The full range of light work requires the ability to stand or walk for a total of up to six hours in an eight-hour workday as well as to sit for a total of up to six hours in an eight-hour workday. See id.; Social Security Ruling 83-10, 1983 WL 31251, at *5-6 (Jan. 1, 1983).

six hours and standing/walking up to six hours in an eight-hour workday; frequently stooping, kneeling, crawling, and climbing ramps, stairs, ladders, ropes, and scaffolds; and avoiding concentrated exposure to hazards, such as machinery and heights, which is also consistent with light work. (*See* Tr. 67-69, 77-79). The ALJ permissibly found the identical opinions of Drs. Baronos and Brauer persuasive in part, explaining that the non-exertional limitations were not adopted in the RFC because the medical evidence did not support them, and further noted that the restriction on exposure to heights was inconsistent with the assessed ability to frequently climb ladders, ropes, or scaffolds. (Tr. 21-22 (*referring to* Tr. 67-69, 77-79)). It is evident the ALJ did not dismiss or reject all the opinion evidence but rather satisfied her duty to resolve conflicts and explained which sections of the opinions was adopted and which sections dismissed. *Richardson v. Perales*, 402 US. 389, 399 (1971).

Likewise, the ALJ did not have a duty to recontact Drs. Schwab, Baronos, and Brauer as plaintiff contends. (Dkt. No. 8 at 22). As discussed above, the ALJ did not reject their opinions or rely on her own lay opinion. The regulations permit, but do not require, that an ALJ recontact a physician when there is inconsistent evidence or insufficient evidence to assess the claimant's condition. See 20 C.F.R. § 404.1520b(b)(2)(i). Here, in addition to the medical opinion evidence, the ALJ also adequately explained and supported her finding of a light RFC with evidence from the medical records. (Tr. 22).

While addressing the diagnosis and exam findings associated with plaintiff's psoriasis, the ALJ noted that the dermatology examinations were generally normal with respect to musculoskeletal function. (Tr. 20, *referring to* Tr. 244-45, 246-47, 309, 312-13). The ALJ considered the improvement of the skin lesions with medication as well. (Tr. 20,

*referring to* Tr. 308). ALJ Romeo mentioned that Dr. Schwab's July 2019 consultative examination showed a reduction in plaintiff's lumbar range of motion, but also normal strength, gait, sensation, and dexterity. (Tr. 20 (*citing* Tr. 300-02). During that examination, plaintiff had no difficulty changing for the examination, getting on or off the examination table, or rising from the chair. (Tr. 301). Similarly, plaintiff's July 24, 2019 physical examination with his primary care provider was unremarkable. (*See* Tr. 352-53). However, the ALJ fully considered all the primary care provider records when formulating the RFC, acknowledging there were visits where plaintiff exhibited moderate pain in the spine, ribs, shoulders, and hips, with positive bilateral straight leg raise and on one occasion, reduced shoulder range of motion. (Tr. 20 (*citing* Tr. 360), 21 (*citing* Tr. 362-65)).

For both the mental and physical RFC, in addition to citing subjective reports and objective findings in treatment notes, ALJ Romeo also discussed plaintiff's daily activities, which were consistent with light work. (Tr. 19-22). The ALJ noted plaintiff's report to Dr. Schwab that he could cook daily, clean once per week, do laundry, shop, and bathe. (Tr. 20; *see* Tr. 300). The ALJ also cited plaintiff's report during a mental health intake appointment that he had a girlfriend, socialized with friends, went to the beach, attended sports games, and went fishing. (Tr. 21; *see* Tr. 334). These reported activities reasonably support an RFC for light work without significant mental limitation. *See, e.g., Cichocki v. Astrue*, 729 F.3d 172, 178 (2d Cir. 2013) (finding claimant's reports of "numerous daily tasks, such as walking her dogs and cleaning her house," consistent with light RFC).

As evidenced above, the ALJ's RFC for light work with no non-exertional limitations from the mental health impairments is supported by substantial evidence. Plaintiff has not

satisfied his burden to prove a more restrictive RFC than the RFC assessed by the ALJ. *Beaman v. Comm'r of Soc. Sec.*, No. 1:18-CV-01344 EAW, 2020 WL 473618, at *6 (W.D.N.Y. Jan. 28, 2020).

### B. Duty to Develop

Plaintiff also asserts the ALJ failed to fulfill her duty to develop the record and remand is required to obtain treatment notes from Dr. Saldana and x-ray images taken in March 2020 at Buffalo General Hospital[2]. (Dkt. No. 8 at 14-16). The Court finds this argument unpersuasive.

At the hearing on May 8, 2020, plaintiff's counsel initially reported to ALJ Romeo that the record was "complete to [his] knowledge" (Tr. 33). Notably, there had been no submissions of evidence or notice of outstanding evidence to the ALJ within the five-day rule for presentation of evidence. *See* SSR 17-4p, 2017 WL 4736894, at *1-2 (plaintiff is responsible for submitting any written evidence, or informing the ALJ it exists, no later than 5 business days before his/her hearing). Despite the affirmative duty of the plaintiff to develop evidence and provide it to the ALJ, it was ALJ Romeo who identified the missing records which plaintiff now cites as determinative of his claim. (Tr. 33-34).

The ALJ permissibly asked counsel to obtain these records, and counsel agreed to do so. (Tr. 36; *see Soc. Sec. Admin., Hearings, Appeals, and Litigation Law Manual* (HALLEX) I-2-5-13.C., 2015 WL 1735348 (last updated January 24, 2020) (directing ALJ, when merely informed of outstanding evidence, generally first to instruct claimant or their representative to obtain such evidence and then provide assistance if they demonstrate that they cannot obtain such evidence despite good faith efforts). The ALJ graciously

---

[2] These are the only two records specifically identified by the plaintiff as missing in his brief.

granted plaintiff's counsel 15 days to submit the evidence, indicating that because of COVID-19 and the difficulty obtaining records, granting extra time would not be an issue, and asked counsel to provide the evidence or a letter requesting more time by the 15-day mark. (Tr. 36-37). Lastly, the ALJ asked counsel "at the end of all this" to provide a letter indicating that the record was complete and that the case was ready for a decision, to which counsel replied he would. (Tr. 37).

Plaintiff requested medical records from Dr. Saldana's office the day of the hearing, but the authorization was limited to records after January 2020. (Tr. 374-77). Dr. Saldana's office responded the same day that plaintiff had not been seen since January 1, 2020. (Tr. 373). On May 20, 2020, plaintiff uploaded the Social Security Administration form for recent medical treatment into the administrative record. (Tr. 233). Plaintiff reported that since the last update on September 6, 2019, he had been treated by Dr. Saldana. (*Id*.). However, he indicated treatment was only on May 18, 2020, which is outside the relevant period. On the form, plaintiff also reported having undergone x-rays for "contused ribs" at Buffalo General Hospital. (Tr. 233).

Nearly three months after the hearing, on August 5, 2020, ALJ Romeo sent counsel a letter instructing him to provide her a letter within 10 days requesting more time, sending the evidence, or "satisfactorily explain[ing]" why he could not submit the evidence, or the ALJ would close the record and issue a decision. (Tr. 239; *see* HALLEX I-2-5-13.E, 2015 WL 1735348 (directing ALJ to contact the claimant or representative if evidence is not timely submitted). In response, counsel provided a letter dated August 13, 2020, stating that his office had contacted the appropriate providers who indicated that

there were no outstanding medical records. (Tr. 151). The letter stated expressly that "[t]he record is complete, and the claim is ready for decision." (Tr. 151).

It is disingenuous of plaintiff to seek remand to obtain records that hypothetically exist and the contents of which are unknown. Plaintiff's counsel said he would obtain the allegedly missing records, the ALJ offered multiple extensions and offers of assistance, and the ALJ relied on counsel's report that the record was complete after leaving the record open for three months. The ALJ has clearly fulfilled her duty to develop the record.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 8) is

**DENIED**; and it is further

**ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 9) is

**GRANTED**.

Dated: February 13, 2024                    J. Gregory Wehrman
Rochester, New York                         HON. J. Gregory Wehrman
                                            United States Magistrate Judge